UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ALEX M. SHELEFONTIUK,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**COMMISSIONER OF SOCIAL SECURITY,** )<br>**sued as Michael J. Astrue,** )<br>)<br>**Defendant.** ) | Case No. 08-2172 |

## REPORT AND RECOMMENDATION

On August 21, 2009, the undersigned filed a Report and Recommendation (#14), recommending that Plaintiff's Motion for Summary Judgment or Remand (#10) be granted. On the same day, the undersigned filed a Report and Recommendation (#15), which recommended that the Motion for an Order Which Affirms the Commissioner's Decision (#13) be denied. On August 26, 2009, Defendant filed Commissioner's Objections to the Magistrate Judge's Report and Recommendation (#16). After considering the objections, the Court entered an Order (#17) adopting the Reports and Recommendations. Judgment was entered in favor of Alex M. Shelefontiuk and against the Commissioner of Social Security (#18).

On November 12, 2009, Plaintiff filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#19). The Commissioner filed a written response and, with leave of court, Plaintiff filed a reply.

The Commissioner does not challenge Plaintiff's status as prevailing party. The Commissioner does not attack the reasonableness of the fees claimed. However, he insists that Plaintiff is not entitled to an award of fees because his position was "substantially justified."

The court has authority to award to a prevailing party, other than the United States, any fees and other expenses, unless the court finds the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The government has the burden of proving its position was substantially justified. To establish justification, the government must show: "(1) a reasonable

basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006). The Seventh Circuit has stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Furthermore, something is substantially justified if there is a "reasonable basis in law and fact, that is, if a reasonable person could believe the position were correct." *Marcus v. Shalala*, 12 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce*, 487 U.S. at 566).

In this case, the Commissioner continues to argue that the ALJ made a proper determination of Plaintiff's need for a cane, indicating that the ALJ used the proper standard of determining whether or not the cane was "medically necessary," instead of just basing his decision on the fact that Plaintiff's cane was not prescribed. Additionally, the Commissioner points out that the ALJ weighed the evidence of record in making this finding, and did not ignore it. However, the undersigned determined in his Report and Recommendation that, while the ALJ might not have ignored this evidence, Plaintiff's need for a cane was noted by two examining physicians and a state agency reviewer, who were the three most recent doctors to produce opinions regarding Plaintiff's condition. This is certainly enough to satisfy the requirement of SSR 96-9p that there be medical documentation showing a claimant's need for a hand-held assistive device. Thus, whether or not the ALJ weighed this evidence, at minimum the Commissioner's pre-litigation position was not substantially justified, making the award of attorney's fees appropriate here. *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

Additionally, the undersigned recommended remanding Plaintiff's case because the ALJ made a vague and essentially unsupported credibility determination. An ALJ is required to articulate the reasoning behind his credibility determination, and such conclusory statements as the ALJ made that he considered all of the evidence will not suffice. SSR 96-7p. The

Commissioner's brief makes several arguments regarding points that may have been part of the ALJ's credibility determination, but he does not address the ALJ's failure to articulate his reasoning. However, it is the ALJ's duty to articulate the reasoning, not the Commissioner's. Because of the unsufficiency of the ALJ's analysis on this point, neither the Commissioner's nor the ALJ's position was substantially justified.

Because the Commissioner's position was not substantially justified, Plaintiff is entitled to fees under the Equal Access to Justice Act. The Court has reviewed the documentation in support of the fees claimed and found those fees reasonable, both in terms of the hourly rate and the amount of work performed.

Accordingly, pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B), I recommend that Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act **(#19)** be **GRANTED** and fees awarded in the sum of $6,865.40.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within 14 working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 22nd day of January, 2010.

                                                               s/ DAVID G. BERNTHAL
                                                                U.S. MAGISTRATE JUDGE